ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- )<br><br>Arcade Travel, Inc. d/b/a Boersma Travel )<br>  Services )<br><br>Under Contract Nos. H98210-18-C-0002 )<br>HHSP233201300026I )<br>HHSP233201400010I ) | ASBCA Nos. 62009, 62010, 62076 |

APPEARANCE FOR THE APPELLANT:          Bryant S. Banes, Esq.
                                         Neel, Hooper & Banes, P.C.
                                         Houston, TX

APPEARANCES FOR THE GOVERNMENT:       Hattie R. DuBois, Esq.
                                         Associate General Counsel
                                       Mathew W. Ponzar, Esq.
                                         Trial Attorney
                                         Defense Human Resources Activity
                                         Alexandria, VA

## OPINION BY ADMINISTRATIVE JUDGE WOODROW ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Arcade Travel, Inc. d/b/a Boersma Travel Services (Boersma or appellant) has appealed the Defense Human Resources Activity's (DHRA's or government's) terminations for cause of Contract Nos. H98210-18-C-0002, HHSP233201300026I, and HHSP233201400010I (travel services contracts). This appeal has been docketed as ASBCA No. 62009. It also appeals DHRA's claim for $311,700 for credit monitoring services, docketed as ASBCA No. 62010, and the denial of Boersma's certified claim for $664,379.33 related to various alleged breaches by the government, docketed as ASBCA No. 62076. The government moves to dismiss ASBCA Nos. 62009 and 62010, the appeal of the termination for cause and appellant's request to prevent collection of the government's claim for lack of jurisdiction. The government's motion does not address ASBCA No. 62076.

For the reasons discussed below, we deny the motion as to the termination for cause under ASBCA No. 62009. With regard to ASBCA No. 62010, we grant the motion in part, striking appellant's request that the Board restrain the government from collecting its alleged claim during the appeal, but deny the remaining portion of the motion.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. On September 30, 2013, the Department of Health and Human Services (HHS) signed Boersma Contract No. HHSP233201300026I, an Indefinite Delivery Indefinite Quantity (IDIQ) contract for travel services for the Missile Defense Agency (2013 contract) (R4, tab 1 at 1). HHS also awarded Contract No. HHSP233201400010I, another IDIQ Contract, for travel services for the Defense Intelligence Agency (the 2014 contract). Though the contract provided has no date, it is effective May 1, 2014. (*Id.* at 158) On December 1, 2017, DHRA awarded Contract No. H98210-18-C-0002 to Boersma (the 2017 contract) (*id.* at 503). This was a Firm-Fixed-Price contract for travel management support services for the Air Force in Travel Area 1, which is composed of several installations located in Louisiana, Colorado, California, Arizona, Montana, and Florida (*id.* at 536).

2. The 2017 contract incorporated by reference Federal Acquisition Regulation (FAR) 52.233-1, DISPUTES (MAY 2014), which defines a claim as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract" (R4, tab 1 at 562; FAR 52.233-1(c)). This contract also incorporated FAR 52.242-15, STOP-WORK ORDER (AUG 1989) and Defense Federal Acquisition Regulation Supplement (DFARS) 252.204-7012, SAFEGUARDING COVERED DEFENSE INFORMATION AND CYBER INCIDENT REPORTING (OCT 2016) (*id.*). This first clause empowers the contracting officer (CO) to "require the Contractor to stop all, or any part, of the work called for by this contract for a period of 90 days" after which the CO can cancel the stop work order or terminate the work, "as provided in the Default, or the Termination for Convenience of the Government, clause of this contract." FAR 52.242-15(a). The 2013, 2014, and 2017 contracts incorporated FAR 52.212-4, CONTRACT TERMS AND CONDITIONS-COMMERCIAL ITEMS (JUL 2013), (SEP 2013), and (JAN 2017) respectively (*id.* at 58-64, 212-18, 561). The revisions to this clause between July 2013 and January 2017 are not relevant here.

3. By letter dated October 4, 2018, the government issued a stop work order to appellant for the 2017 contract, effective the same day, "due to the recent notification of a data breach to the Boersma Travel Services Information technology systems" (R4, tab 2 at 627). By two letters dated October 5, 2018, HHS issued appellant stop work orders on the 2013 and 2014 contracts effective immediately for the same reason (*id.* at 636, 638.)

4. On October 25, 2018, the government signed Contract No. GS10FCA017 with Identity Theft Guard Solutions, Inc., for two years of "credit monitoring and identity theft protection services" for individuals affected by "the recent data breach incident" (R4, tab 3 at 640, 651, 655).

5. On October 29, 2018, HHS issued bilateral modifications on both the 2013 and 2014 contracts, transferring administration to DHRA (R4, tabs 4-5). DHRA modified these contracts again on November 27, 2018, to cancel the stop work order and accept administration of the contracts. Appellant was to recommence work on December 13, 2018. (R4, tab 8 at 719-20, 749) However, the government sent appellant another Stop Work Order for the contracts on that day (R4, tab 9).

6. By letter dated March 11, 2019, DHRA terminated the travel services contracts for cause (R4, tab 11 at 772). The government cited an assessment conducted by its cybersecurity team and found appellant "non-compliant with National Institute of Standards and Technology (NIST) Special Publication (SP) 800-171" (*id.*). The letter also asserts a government claim against appellant for $311,700 "as a result of Boersma's breach of these contracts" (*id.*). However, the government states HHS failed to include this requirement in the 2013 and 2014 contracts (gov't mot. at 3).

7. Appellant filed a notice of appeal with the Board by letter dated March 19, 2019. The Board docketed the challenge to the terminations for cause as ASBCA No. 62009, and the government claim for $311,700 as ASBCA No. 62010. A separate appeal from the denial of a Boersma claim in the amount of $664,379.33 for various alleged breaches by the government was docketed on May 23, 2019 as ASBCA No. 62076; which was subsequently consolidated with these appeals, but is not relevant to the present motion.

8. In a consolidated complaint filed with the Board on June 21, 2019, appellant requests that the Board "[d]eny all of DHRA's claims and dismiss any portion of DHRA's claim that is for $311,700 and restrain collection of same allegedly related to a breach of contract by Boersma" (compl. ¶ 14).

DECISION

The government moves to dismiss both appellant's challenge to the propriety of the March 11, 2019 terminations of the travel services contracts for cause and the request by appellant to "restrain collection" of the $311,700 for costs resulting from Boersma's alleged breaches of these contracts for lack of jurisdiction. In motions to dismiss for lack of jurisdiction, the nonmoving party bears the burden of proof of jurisdiction. *Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993).

1. *Terminations for Cause – ASBCA No. 62009*

The government argues that the Board lacks jurisdiction over the terminations for cause claim because FAR 2.101 defines "claim" as "payment of money in a sum

3

certain," and "[a]ppellant's challenge to the termination for cause . . . fails to state a sum certain" (gov't mot. at 5).  Further, the government argues that "Boersma's challenge to the terminations for cause is not monetary in nature, it is not a claim within the meaning [of] the CDA [Contract Disputes Act] and accordingly the ASBCA does not have jurisdiction over it" (gov't reply at 6).  In both its motion and reply, the government cites no cases to support the contention that the Board lacks jurisdiction over appeals from terminations for cause.  Appellant argues the Board has authority to convert terminations for default to terminations for convenience (app. reply at 2).  We agree.

It is well settled that a termination for default is considered to be a government claim that does not require a contractor to file a claim for the Board to exercise its jurisdiction.  *Ro. VI.E. Sri*, ASBCA No. 56198, 09-1 BCA ¶ 34,068 (default termination is considered a government claim).  We will not disturb this settled area of law.  In the appeal at issue, the DHRA CO issued a written, final decision to the contractor terminating the travel services contracts for cause.  Accordingly, we find that we possess jurisdiction to entertain appellant's appeals of the government's terminations for cause.  Thus this portion of DHRA's motion is denied.

2. *Restraining Collection of Costs on the Government's Claim –ASBCA No. 62010*

Appellant requests in its consolidated complaint for the Board to "restrain collection" of DHRA's claim for $311,700, and further clarifies that it requests the Board restrain collection of the government's "alleged claim until the Board has decided this matter" (consolidated compl. ¶ 14; app. resp. at 5).

The government argues this is injunctive relief, and the Board lacks jurisdiction to grant such relief (gov't mot. at 5).  The government's motion "requests removal from the accepted issues, and dismissal. . . .  DHRA respectfully requests that these portions of Boersma's appeal be dismissed, and all reference stricken from the record as accepted issues in controversy" (*id.* at 5-6).  We interpret DHRA's request as a motion to strike Boersma's request to "restrain collection" as an improper request for injunctive relief (*id.* at 5).

In its response, appellant argues two things simultaneously.  First, it asserts that the Board possesses jurisdiction to determine the entitlement of the $311,700 which the government claims, as these costs are founded upon a termination for cause which appellant also challenges.  Second, it asserts that the Board possesses jurisdiction to prevent the government's collection of these fees while this appeal is being decided. (App. resp. at 3-5).

4

As to the first assertion, the Board indeed has jurisdiction over this government claim. This is the type of claim considered by the CDA when it enabled Boards like this one to review a "claim by the Federal Government against a contractor relating to a contract . . . ." 41 U.S.C. § 7103(a)(3).

However, the second argument is something different. The Board has long held, as DHRA has asserted, that the government's decision to collect on a claim "pending a hearing, rather than waiting until a final judgment, is 'an administrative matter over which the Board has no jurisdiction.'" *Applied Ordnance Tech., Inc.*, ASBCA Nos. 51297, 51543, 98-2 BCA ¶ 30,023 at 148,543 (quoting *Southern Disposal*, ASBCA No. 11031, 66-2 BCA ¶ 5,867 at 27,252). While we may decide ultimate entitlement to a monetary claim, we are not empowered by the CDA to prevent the government collecting on its claim while that claim is the subject of an appeal. Such a request is for injunctive relief, and the Board lacks jurisdiction to grant this relief. *Lulu's Ostrich Ranch*, ASBCA Nos. 59252, 59450, 14-1 BCA ¶ 35,769 at 175,000.

To the extent the complaint requests the Board restrain collection of the government's claim during the appeal, that request for relief is dismissed for lack of jurisdiction. To the extent the government requests that we dismiss appellant's challenge to the government's claim of ultimate entitlement to the $311,700 claim, which includes the challenge to the government's termination for cause, the motion is denied.

<u>CONCLUSION</u>

For the reasons discussed above, the motion is denied in part and granted in part.

Dated: July 1, 2020

KENNETH D. WOODROW
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

5

I concur                                              I concur


RICHARD SHACKLEFORD                    OWEN C. WILSON
Administrative Judge                           Administrative Judge
Acting Chairman                                 Vice Chairman
Armed Services Board                          Armed Services Board
of Contract Appeals                             of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 62009, 62010, 62076, Appeals of Arcade Travel, Inc. d/b/a Boersma Travel Services, rendered in conformance with the Board's Charter.

Dated: July 2, 2020


PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

6